UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOSEPH PORTO,

                Plaintiff,

    -against-

ANTHONY MARRACCINI, individually,
EDWARD LUCAS, individually, RICHARD
LIGHT, individually, PAUL CUZZAPOLI,
individually, POLICE OFFICERS JOHN
DOE #1 TO #10, individually, and the
TOWN/VILLAGE OF HARRISON, New York,

                Defendants.

------------------------------------------------------------x

**ORIGINAL**

08 CIV. 4778

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff JOSEPH PORTO, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

## NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from conduct engaged in by Defendants under color of the laws of the State of New York, for violations of Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff JOSEPH PORTO is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties.

4. Defendant ANTHONY MARRACCINI (hereinafter "Marraccini"), who is sued in his personal and individual capacities only, at all times relevant to this complaint was employed as a Captain in the Police Department (hereinafter "Department") of the Town/Village of Harrison, New York (hereinafter "Town"), a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

5. Defendant EDWARD LUCAS (hereinafter "Lucas"), who is sued in his personal and individual capacities only, at all times relevant to this complaint was employed as a Sergeant in the Department.

6. Defendant RICHARD LIGHT (hereinafter Light"), who is sued in his personal and individual capacities, only, at all times relevant to this complaint was employed as a Detective in the Department.

7. Defendant PAUL CUZZAPOLI (hereinafter "Cuzzapoli"), who is sued in his personal and individual capacities only, at all times relevant to this complaint was employed as a Police Officer in the Department.

8. Defendant POLICE OFFICERS JOHN DOE #1 TO #10, whose actual identities are presently unknown to Plaintiff, acted in concert with the individually named Defendants with respect to the unlawful conduct referenced *infra*.

## THE FACTS

9. On May 17, 2007, Plaintiff son [Joseph Porto, Jr., who at the time resided with his parents at 174 Ellsworth Avenue (hereinafter the "Porto residence" or "residence") in the Town] was arrested by members of the Town's Police Department and charged with possession and sale of marijuana.

10. At or about 7:30 P.M. on May 17, 2007, Cuzzapoli stopped Plaintiff while he was lawfully operating a motor vehicle on a public highway in the Town and without probable cause, arguable probable cause and/or any reasonable suspicion that he had engaged in any wrongdoing whatsoever, took his cell phone and his car registration, ordered him to place his hands on the steering wheel and arrested him. Cuzzapoli then ordered Plaintiff out of his motor vehicle, advised him that he was not free to leave, and conducted a body search of his person without probable and/or arguable cause and/or any reasonable suspicion. Plaintiff was never charged with any violation of law.

11. Police Officer John Doe #1 then entered Plaintiff's motor vehicle without authority or permission and ordered him to drive to the Porto residence where there were present Plaintiff's wife and Joseph Porto, Jr.'s girlfriend (hereinafter "Jane Doe")].

12. Defendants Marraccini, Light, Cuzzapoli, Police Officers John Doe #1 to #10 then directed Plaintiff into the residence where they - - along with Lucas who arrived shortly thereafter - - terrorized Jane Doe (who became hysterical), Plaintiff's wife (who also became hysterical), and Plaintiff for approximately three and one-half hours: sexually abusing Jane Doe, a minor; placing Jane Doe under arrest for supposedly tampering with evidence - - although she was never charged with anything; prohibiting Plaintiff, his wife and Jane Doe from leaving the residence; prohibiting Plaintiff, his wife

and/or Jane Doe from using any telephones to contact an attorney and/or to call for help; and searching the residence.

13. Following the search, Defendants without authority or permission intentionally stole: i) a gold watch, property belonging to Plaintiff; ii) an inoperable .22 caliber pistol that belonged to Plaintiff's father and/or uncle - - both of whom are retired members of the Harrison Police Department - - which had been left by them or either of them in the residence's basement without Plaintiff's knowledge; and a camcorder which contained a home video depicting Jane Doe (at age fifteen) engaged in oral and vaginal sex.

14. Several weeks thereafter and while Plaintiff was at work, he observed Police Officers John Doe #1 and #2 exit a marked police vehicle in his [Plaintiff's] employer's parking lot, and without authority or permission break into Plaintiff's private automobile apparently intending to plant contraband in it as a pretext to arrest Plaintiff. Plaintiff, his employer's security staff, and others confronted the officers who left without explanation as to their unlawful conduct.

15. During the course of Plaintiff's arrest and search at his vehicle, and thereafter during the entire search of the Porto residence, Plaintiff was conscious of his arrest/imprisonment, there was no probable cause for his arrest/imprisonment, there was no arguable probable cause for his arrest/imprisonment, there was no reasonable suspicion to believe he had engaged in any wrong-doing, he did not consent to the arrest/imprisonment, and his imprisonment/arrest was neither privileged nor otherwise authorized.

16. As a proximate result of Defendants' conduct Plaintiff has been caused to suffer: multiple violations of his rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; fear; emotional upset; anxiety; public embarrassment; public humiliation; public ridicule; and he has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CAUSE OF ACTION

17. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

18. Defendants' arrest/imprisonment of Plaintiff in the Porto residence violated his rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CAUSE OF ACTION

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

20. Defendants' arrest/imprisonment of Plaintiff at or about and inside his motor vehicle, and Defendants' forcing Plaintiff to return with them to the residence while under police guard, violated his rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CAUSE OF ACTION

21. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

22. Defendants' theft of the gold watch violated Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CAUSE OF ACTION

23. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "16", inclusive.

24. Defendants' theft of the inoperable .22 caliber pistol violated Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

    a. Awarding against each Defendant such punitive damages as the jury may impose,

    b. Awarding against each Defendant such compensatory damages as the jury may determine,

    c. Awarding reasonable attorneys fees and costs, and,

    d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       May 20, 2008

                                        LOVETT & GOULD, LLP
                                        By: _____
                                        Jonathan Lovett (4854)
                                        Attorneys for Plaintiff
                                        222 Bloomingdale Road
                                        White Plains, N.Y. 10605
                                        914-428-8401