UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOSEPH PORTO,                                                    **08 CIV 4778 (CLB)**

                      Plaintiff(s),

     -against-                                                          **NOTICE OF MOTION**

ANTHONY MARRACCINI, individually
EDWARD LUCAS, individually, RICHARD
LIGHT, individually, PAUL CUZZAPOLI,
individually, POLICE OFFICERS JOHN DOE
#1 TO 10, individually and the TOWN/VILLAGE
OF HARRISON, New York,
                      Defendants.
--------------------------------------------------------X

    ***PLEASE TAKE NOTICE*** that upon the Declaration of Neil Torczyner, dated the 11th day of July, 2008, the accompanying Memorandum of Law dated the 11th day of July, 2008, and all the papers and pleadings heretofore had herein, Defendants, ANTHONY MARRACCINI, EDWARD LUCAS, RICHARD LIGHT, PAUL CUZZAPOLI and the TOWN/VILLAGE OF HARRISON, New York shall move this Court on August 8, 2008 at 9:30 A.M. of that day or as soon thereafter as counsel can be heard before the Hon. Charles L. Brieant, at the United States District Court, United States District Court, Southern District of New York, located at 300 Quarropas Street, White Plains, New York, pursuant to Federal Rule of Civil Procedure 12(c), for an Order: (1) dismissing the plaintiff's complaint as against Defendant, TOWN/VILLAGE OF HARRISON, New York, (2) dismissing the third and fourth causes of action against all defendants, and granting such other and further relief as

may be just, proper and equitable under the circumstances.

Dated: Purchase, New York
      July 11, 2008

                            Yours etc.,
                            FRIEDMAN, HARFENIST, LANGER & KRAUT
                            Attorneys for Defendants
                            2975 Westchester Avenue, Ste. 417
                            Purchase, New York   10577
                            (914) 701-0800

                            By:_____S_____
                                  Neil Torczyner

TO: Jonathan Lovett, Esq.
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, NY 10605
(914) 428-8401

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOSEPH PORTO,                                          08 CIV 4778 (CLB)
                    Plaintiff,
        -against-
                                                       **DECLARATION OF
                                                       NEIL TORCZYNER**

ANTHONY MARRACCINI, individually
EDWARD LUCAS, individually, RICHARD
LIGHT, individually, PAUL CUZZAPOLI,
individually, POLICE OFFICERS JOHN
DOE #1 TO 10, individually and the
TOWN/VILLAGE OF HARRISON, New York,
                    Defendant(s).
---------------------------------------------------------X

      Neil Torczyner, an attorney admitted to practice in the courts of the United States District Court for the Southern District of New York, declares the following, under the penalties of perjury

      1.      I am an associate with the firm of Friedman, Harfenist, Langer & Kraut, attorneys for the Defendants, Anthony Marraccini, Edward Lucas, Richard Light, Paul Cuzzapoli and The Town/Village Of Harrison ("Defendants") in the above captioned matter and submit this Declaration in support of the Defendants' motion to dismiss the instant action.

      2.      A copy of the Summons and Complaint filed by Plaintiff, Joseph Porto ("Porto") on May 22, 2008 is appended hereto as Exhibit "A".

      3.      A copy of the Answer filed by the Defendants by ECF on June 19, 2008

is appended hereto as Exhibit "B".

Dated: Lake Success, New York
      July 11, 2008

                                                          _____S_____
                                                            Neil Torczyner

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of _____ NEW YORK

SUE ELLEN VALERI,

        Plaintiff,

-against-

ANTHONY MARRACCINI, individually, EDWARD LUCAS, individually, MARK DiGIACOMO, individually, and the TOWN/VILLAGE OF HARRISON, New York,

        Defendants.

**SUMMONS IN A CIVIL ACTION**

Case No.

**08 CIV. 5256 BRIEANT**

**TO:** (Name and Address of Defendant)

ANTHONY MARRACCINI, Captain, Harrison Police Department, 650 North Street, Harrison, New York

EDWARD LUCAS, Sergeant, Harrison Police Department, 650 North Street, Harrison, New York

MAK DiGIACOMO, Police Officer Harrison Police Department, 650 North Street, Harrison, New York

TOWN/VILLAGE OF HARRISON, New York, Town Hall, One Heineman Place, Harrison, New York

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Jonathan Lovett, Esq.
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401

an Answer to the Complaint which is herewith served upon you, within twenty days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**
CLERK

_____ DATE

BY DEPUTY CLERK

FILED THIS 11 DAY OF June 20 08

Town Clerk, Harrison, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

SUE ELLEN VALERI,

                Plaintiff,

     -against-

ANTHONY MARRACCINI, individually, EDWARD
LUCAS, individually, MARK DiGIACOMO,
individually, and the TOWN/VILLAGE OF
HARRISON, New York,

                Defendants.
----------------------------------------------------------x

08 Civ.

**08 CIV. 5256 BRIEANT**

COMPLAINT

Jury Trial Demanded

FILED JUN -9 2008 USDC WP SDNY

    Plaintiff SUE ELLEN VALERI, by her attorney JONATHAN LOVETT, ESQ.,

for her complaint respectfully states:

### NATURE OF THE ACTION

    1. This is an action for compensatory and punitive damages, resulting from

Defendants' conduct as engaged in under color of the laws of the State of New York, for

violations of Plaintiff's rights as guaranteed by reason of the First Amendment to the

United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

    2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.



RECEIVED TOWN-VLG OF HARRISON 2008 JUN 11 P 2 05 LAW DEPT

1

## THE PARTIES

3. Plaintiff SUE ELLEN VALERI is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Town/Village of Harrison, New York (hereinafter alternatively referred to as the "Town"). At the time of the events referenced *infra* two of Plaintiff's six children (one son and one daughter) attended the Louis M. Klein Middle School (hereinafter "Middle School") in the Harrison Central School District (hereinafter "District"). The Middle School has, over the years, lost a substantial number of faculty to cancer; a number of former Middle School students, currently enrolled in the District's High School, has also been diagnosed with cancer.

4. Defendant ANTHONY MARRACCINI (hereinafter "Marraccini"), who is sued in his personal and individual capacities only, at all times relevant to this complaint was a Captain in the Police Department (hereinafter "Department") of the Defendant Town/Village of Harrison. As such and by reason of the complete and deliberate abdication of responsibility for the administration of that Department by its Chief of Police, its Board of Police Commissioners and the Town Board, Marraccini has exercised plenary, unbridled, final administrative decision-making authority over the Department and its officers - - commanding his subordinates to routinely violate the civil rights of Town residents, financially rewarding those officers who carry out his unlawful directives and punishing those officers who, advocating obedience to the United States Constitution and their oaths of office, opposed him.

5. Defendant EDWARD LUCAS (hereinafter "Lucas"), who is sued in his personal and individual capacities only, at all times relevant to this complaint was a Detective in the Department who over the years has willingly carried out Marraccini's

2

unlawful directives including those violative of Plaintiff's federally protected civil rights as set forth *infra*.

6. Defendant MARK DiGIACOMO (hereinafter "DiGiacomo"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was a Police Officer in the Department who over the years has also willingly carried out Marraccini's unlawful directives including those violative of Plaintiff's federally protected civil rights as set forth *infra*.

7. Defendant TOWN/VILLAGE OF HARRISON, New York (hereinafter "Town"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

8. On May 31, 2007, Plaintiff was notified by the Middle School's nurse that her twelve year old son, Alex, was ill and wanted to speak with her on the telephone. Alex then explained to Plaintiff that he and other children in his classroom were sick and vomiting.

9. Plaintiff responded to the Middle School where she smelled a foul odor and observed a number of children vomiting uncontrollably, a circumstance that she found particularly frightening in light of the School's history of cancer.

10. She immediately removed Alex from the premises at which time he reported to her that, following an announcement made over the Middle Schools public address system, the school's principal and vice principal raced into Alex' classroom where the Vice Principal directed that all children be immediately removed from the building - -

3

only to be immediately countermanded by the Principal who instead ordered that Superintendent of Schools Louis Wool (hereinafter "Wool") be notified. The premises were not evacuated.

11. As a result of Alex' report to her, Plaintiff re-entered the Middle School, located her fourteen year old daughter and removed her from the premises as well.

12. Observing that there were no emergency services officials at the Middle School, Plaintiff contacted the local fire department and reported her observations out of concern for the health and safety of the school's children, faculty and staff. Firemen responded to the premises where Assistant Fire Chief Henry Mohr directed that, in light of the number of children vomiting and the foul odor, the building should be evacuated.

13. Mohr was then promptly overruled by Fire Chief Ralph Straface - - who in addition to being a member of the Fire Department was a full-time Head Custodian employed by the District and subject to control by Wool - - who, because of the Middle School's history of cancer took immediate action to suppress any public reports regarding the incident which he determined to cover-up.

14. Alex, covered in a rash from head to toe, vomiting, suffering from a fever in excess of 103 degrees and experiencing difficulty breathing was taken by Plaintiff to his treating physician who *inter alia* directed Plaintiff to ascertain from the District what substance had caused the foul odor in the Middle School - - information that would be of assistance in determining: i) what Alex had been exposed to; ii) whether he had suffered an allergic reaction to such a substance; and iii) what course of treatment might be best indicated.

15. As a result Plaintiff repeatedly contacted officials of the District, both by telephone and in writing, expressing her concerns and seeking information regarding the source of the foul odor -- only to be ignored as part of Wool's cover-up.

16. Believing that the District had an obligation to disclose the information she was seeking, not only for the medical treatment of Alex but for the health and safety of all of the Middle School children, faculty and staff who had been exposed to the foul odor, Plaintiff notified the County Health Department and *inter alia* the New York State Department of Environmental Conservation to express her concerns and secure their intervention.

17. With the calculated objective of deceiving the parents of Middle School children, averting any competent investigation of the May 29, 2007, events and insulating the District from exposure to justifiable litigation regarding its deliberate disregard for health and safety, Wool:

    a. Publicly, falsely announced that only two Middle School children had become sick as a result of the foul odor,

    b. Publicly, falsely announced that there was no health and/or safety risk for the children, faculty and/or staff attending the Middle School, and,

    c. Publicly threatened to have the person who expressed concerns regarding the events of May 29th and the cover-up pertaining to it prosecuted criminally, an objective with respective to which Wool enlisted Marraccini's knowing, active, and corrupt support.

18. Shortly thereafter Marraccini began repeatedly telephoning Plaintiff on her cellular phone and harassing her regarding her expressions of concern as referenced

5

*supra* [N.Y. Penal Law §240.30(1), Aggravated Harassment in the Second Degree]. In that connection he: i) interrogated her regarding those concerns without asking about her son's medical condition; ii) warned her, in response to Plaintiff's inquiry about what was being done to investigate the foul odor and the children's vomiting, that she did not realize what she was "getting into"; ii) threatened her, cautioning that she if she continued to pursue the issues she was going to be in "big trouble" [N.Y. Penal Law §135.60(4), Coercion in the Second Degree; N.Y. Penal Law §195.00(1), Official Misconduct]; iii) and advised her that he had to come to her home to speak with her. Out of fear Plaintiff stopped taking Marraccini's calls.

19. When Plaintiff's husband contacted Marraccini and instructed him cease calling Plaintiff, Marraccini directed Harrison Police Officer Gary Chiarella to make a series of telephone calls to Plaintiff's residence, speak to her children and repeatedly advise them that if Plaintiff did not return his calls she was going to be "in trouble" [N.Y. Penal Law §135.60(4), Coercion in the Second Degree; §240.30(1), Aggravated Harassment in the Second Degree]. Plaintiff's husband returned Chiarella's calls and was told by Chiarella: i) that Plaintiff's public expression of concern regarding the May 29th incident "needs to end now"; and ii) that if it does not, Plaintiff was going to be arrested [N.Y. Penal Law §195.00(1), Official Misconduct; §135.60(4), Coercion in the Second Degree].

20. Lucas, at Marraccini's directive, then telephoned Plaintiff's husband and advised that if Plaintiff did not surrender herself at Police Headquarters she would be arrested in Town and publicly handcuffed [N.Y. Penal Law §195.00(1), Official Misconduct; §135.60(4), Coercion in the Second Degree]. As to her alleged crime, Lucas

6

claimed without any basis in fact or law that, by reason of her expressions of concern regarding the May 29, 2007, incident at the Middle School and the District's cover-up she had filed a "false report".

21. Because of Marraccini, Lucas and Chiarella's threats Plaintiff involuntarily surrendered to the Harrison Police where she was fingerprinted, subjected to the taking of "mug shots", and interrogated by DiGiacomo in the presence of Lucas.

22. DiGiacomo then issued to her an appearance ticket charging her with Falsely Reporting an Incident in the Second Degree in violation of New York State Penal Law Section 240.55, a felony. Since that charge itself was entirely false, by filing the appearance ticket DiGiacomo himself committed the crime of Falsely Reporting an Incident in the Second Degree.

23. As a result and commencing on or about July 27, 2007, Plaintiff was forced to retain defense counsel and make multiple court appearances in the Town's Justice Court with respect to a crime she did not commit. The charges were thereafter dismissed.

24. Defendants' conduct was motivated entirely and/or in substantial respect by their intent to: i) retaliate against Plaintiff for her non-disruptive expression of concern regarding the health and safety of Middle School children, staff and faculty and the District's cover-up; ii) and coerce her silence regarding this matter of grave public concern.

25. By reason of Defendants' conduct Plaintiff was in fact chilled in the prospective exercise of her First Amendment rights with respect to the incident of May 29, 2007, and the cover-up by Wool and Marraccini.

26. As a proximate result of Defendants' conduct Plaintiff has been caused to suffer: irreparable impairment of her rights as guaranteed by the First Amendment to the United States Constitution; pecuniary losses; public humiliation; public shame; public ridicule; public degradation; public stigmatization; public embarrassment; anxiety; emotional upset; fear; and she has otherwise been rendered sick and sore.

## AS AND FOR A CLAIM

27. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "26", inclusive.

28. Under the premises Defendants violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE judgment is respectfully demanded:

    a. Awarding against the individually named Defendants such punitive damages as the jury may impose,

    b. Awarding against all Defendants such compensatory damages as the jury may determine,

    c. Awarding costs and reasonable attorney's fees, and,

    d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
        June 7, 2008

Jonathan Lovett, Esq. (4854)
Attorney for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOSEPH PORTO,                                               **08 CIV 4778 (CLB)**
                          Plaintiffs,
         - against -                                    ANSWER

ANTHONY MARRACCINI, individually,
EDWARD LUCAS, individually, RICHARD
LIGHT, individually, PAUL CUZZAPOLI,
individually, POLICE OFFICERS JOHN
DOE #1 TO #10, individually, and the
TOWN/VILLAGE OF HARRISON, New York,
                         Defendants.
---------------------------------------------------------X

      Defendants ANTHONY MARRACCINI, EDWARD LUCAS, RICHARD LIGHT, PAUL CUZZAPOLI and THE TOWN/VILLAGE OF HARRISON, New York by and through their attorneys, FRIEDMAN, HARFENIST, LANGER & KRAUT, answering the Plaintiff's complaint, allege as follows:

      1.    The Defendants deny all allegations contained in paragraph "1" of the complaint and leave all questions of law to the time of trial.

      2.    The Defendants admit the allegations contained in paragraph "2" of the complaint.

      3.    The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "3" of the complaint.

      4.    The Defendants admit the allegations contained in paragraph "4" of the complaint.

5. The Defendants admit the allegations contained in paragraph "5" of the complaint.

6. The Defendants admit the allegations contained in paragraph "6" of the complaint.

7. The Defendants admit the allegations contained in paragraph "7" of the complaint.

8. The Defendants deny knowledge and information sufficient to form a belief as to any allegations related to John Doe police officers and their alleged acts as described in paragraph "8" of the complaint.

9. The Defendants deny the allegations contained in paragraph "9" of the complaint except admit that Joseph Porto Jr. was arrested by members of the Town Police Department.

10. The Defendants deny all allegations contained in paragraph "10" of the complaint.

11. The Defendants deny all allegations contained in paragraph "11" of the complaint.

12. The Defendants deny all allegations contained in paragraph "12" of the complaint.

13. The Defendants deny all allegations contained in paragraph "13" of the complaint.

14. The Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the complaint.

15. The Defendants deny the allegations contained in paragraph "15" of the complaint.

16. The Defendants deny all allegations contained in paragraph "16" of the complaint and leave all questions of law to the court.

**AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

17. As and for an answer to paragraph "17" of the complaint, the Defendants repeat and reallege all allegations in paragraphs 1 through 16 of this answer as if more fully set forth hereat.

18. The Defendants deny all allegations contained in paragraph "18" of the complaint and leave all questions of law to the court.

**AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**

19. As and for an answer to paragraph "19" of the complaint, the Defendants repeat and reallege all allegations in paragraphs 1 through 16 of this answer as if more fully set forth hereat.

20. The Defendants deny all allegations contained in paragraph "20" of the complaint and leave all questions of law to the court.

**AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION**

21. As and for an answer to paragraph "21" of the complaint, the Defendants repeat and reallege all allegations in paragraphs 1 through 16 of this answer as if more fully set forth hereat.

22. The Defendants deny all allegations contained in paragraph "20" of the complaint and leave all questions of law to the court.

**AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION**

23. As and for an answer to paragraph "23" of the complaint, the Defendants repeat and reallege all allegations in paragraphs 1 through 16 of this answer as if more fully set forth hereat.

24. The Defendants deny all allegations contained in paragraph "24" of the complaint and leave all questions of law to the court.

**AS AND FOR DEFENDANTS'
<u>FIRST AFFIRMATIVE DEFENSE</u>**

25. The Complaint fails to state a cause of action against the answering defendants.

## AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

26.  The actions taken by the Defendants were made in good faith, without malice and in conformity with any and all applicable laws.

## AS AND FOR DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

27.  The actions complained of were in full accord with applicable State and Federal law.

## AS AND FOR DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

28.  Plaintiff's constitutional and statutory rights have not been violated by the named defendants herein.

## AS AND FOR DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

29.  That any purported detention was reasonable or justified under *Terry v. Ohio* and additional New York and Federal decisional law.

## AS AND FOR DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

30.  The Defendants' actions are protected by the doctrine of qualified immunity.

## AS AND FOR DEFENDANTS'
## SEVENTH AFFIRMATIVE DEFENSE

31. The Plaintiff fails to state a cause of action under *Monell v. New York City Dep't of Social Services* as the complaint fails to identify any policy, practice or procedure that gave rise to the Plaintiff's purported injury.

**WHEREFORE**, the Defendants demands judgment dismissing plaintiffs' complaint in its entirety along with the costs and disbursements of this action.

Dated: Purchase, New York
June 19, 2008

        FRIEDMAN, HARFENIST, LANGER & KRAUT
        2975 Westchester Avenue
        Suite 415
        Purchase, New York 10577
        (914) 701-0800

        By:_____S_____
            Neil Torczyner