UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH PORTO,                                                              08 CIV 4778 (CLB)

                                  Plaintiffs,

      -against-

ANTHONY MARRACCINI, individually,
EDWARD LUCAS, individually, RICHARD
LIGHT, individually, PAUL CUZZAPOLI,
individually, POLICE OFFICERS JOHN
DOE #1 TO #10, individually, and the
TOWN/VILLAGE OF HARRISON, New York,

                                  Defendants.
----------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS


**FRIEDMAN, HARFENIST, LANGER & KRAUT**
**Attorneys for Defendants**
Town/Village of Harrison, New York
2975 Westchester Avenue, Suite 415
Purchase, New York   10577
**(914) 701-0800**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................. 2

POINT I

  THE LEGAL STANDARD FOR A MOTION TO DISMISS ........................................ 4

POINT II

  THE PLAINTIFFS HAVE FAILED TO IDENTIFY AN OFFICIAL
  POLICY, PRACTICE OR PROCEDURE THAT ALLEGEDLY GAVE
  RISE TO THE CONSTITUTIONAL VIOLATION .......................................................... 5

POINT III

  THE PURPORTED THEFT OF PORTO'S WATCH AND THE GUN
  BELONGING TO HIS FATHER OR UNCLE DO NOT GIVE RISE TO
  CONSTITUTIONAL CLAIMS ........................................................................................ 8

CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**
*Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955,1966, 167 L.Ed.2d 929 (2007) ........ 5
*Belton v. City of New York*, 2005 WL 2133593 (E.D.N.Y. Sept. 1, 2005) ..................................... 9
*City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) ................ 6
*Claudio v. City of New York*, 423 F.Supp.2d 170,172 (S.D.N.Y. 2006) ........................................ 7
*Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006) ............................................ 4
*Davis v. Garcia*, 2008 WL 2229811 (S.D.N.Y. May 27, 2008) ...................................................... 5
*Dove v. City of New York*, 2000 WL 342682 (S.D.N.Y. Mar. 20, 2000) ..................................... 10
*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.,* 375 F.3d 168, 177
(2d Cir.2004) .................................................................................................................................. 4
*Fanelli v. Town of Harrison*, 46 F.Supp.2d 254, 258 (S.D.N.Y. 1999) ......................................... 6
*Gamble v. City of New York*, 2007 WL 2847221 (S.D.N.Y. Sept. 28, 2007) ................................. 9
*Jeffes v. Barnes,* 208 F.3d 49, 56 (2d Cir.2000) ............................................................................. 6
*Lee v. McCue*, 410 F.Supp.2d 221, 227 (S.D.N.Y. 2006) .............................................................. 6
*Monell v. Dept. of Soc. Svcs. of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018,
56 L.Ed.2d 611 (1978) ............................................................................................................ passim
*Nicoletti v. NYC Taxi & Limousine Commission*, 1999 WL 349949 (S.D.N.Y. May 28, 1999) .... 9
*Qader v. New York*, 396 F.Supp.2d 466, 469 (S.D.N.Y. 2005) ...................................................... 6
*Ruotolo v. City of New York*, 514 F.3d 484 (2d Cir. 2008) ............................................................ 5
*Santos v. Raymond*, 1986 WL 4909 (S.D.N.Y. Apr. 24, 1986) ...................................................... 8
*Shmueli v. City of New York*, 2007 WL 1659210 (S.D.N.Y. June 7, 2007) ................................... 6
*Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) ........................................................ 6

**Statutes**
42 U.S.C. §1983 ...................................................................................................................... passim
FRCP 12 (c)…………………………………………………………………………………passim

## PRELIMINARY STATEMENT

The instant matter is before the Court on Defendants' Anthony Marraccini, ("Marraccini"), Edward Lucas ("Lucas"), Richard Light ("Light"), Paul Cuzzapoli ("Cuzzapoli") and the Town/Village of Harrison's ("Harrison") motion to dismiss various causes of action in Plaintiff Joseph Porto's ("Porto") complaint pursuant to FRCP 12(c) for failure to state a cause of action.

In his complaint, Porto alleges that he was stopped by Cuzzapoli and ordered to return to his home where he was purportedly forced to remain for three and one half hours while various officers (including Marraccini, Light, Lucas and Cuzzapoli) searched his home in relation to the arrest of his son for possession and sale of marijuana. Additionally, Porto alleges that following the search of the premises, "the Defendants" purportedly stole a gold watch, an inoperable pistol that belonged to Porto's "father and/or uncle" which had been left in his residence without his knowledge, along with a camcorder containing a "home video" of a minor engaging in sexual activity.

Simply stated, the complaint's third and fourth claims are defective and merit dismissal as against all defendants as they fails to state causes of action. Although Porto asserts that seizure of his watch is a constitutional violation, he is incorrect, as such action (assuming it took place) would be addressed by way of a state law cause of action for conversion, not a federal civil rights claim.

1

Additionally, Porto is incapable of seeking redress for the seizure of the pistol, since the pistol which was purportedly stolen did not belong to him.

Finally, the complaint must be dismissed as against Harrison as it does not allege any specific municipal policy or custom under *Monell v. Dept. of Soc. Serv. of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) which allegedly led to the violation of Porto's civil rights. The only reference to Harrison in the complaint is in the paragraph that introduces Harrison as a municipal subdivision. As Porto has failed to detail any alleged policy that caused a violation of his rights, it is respectfully submitted that the action must be dismissed as against Harrison.

## STATEMENT OF FACTS[1]

As alleged in the complaint, Porto is a United States citizen who resides in "the Northern Counties." (Complaint at ¶3). The complaint identifies the following other parties to the lawsuit: Marraccini, Lucas, Light, Cuzzapoli, and ten "John Doe" officers, all of whom are police officers employed by Harrison (Complaint at ¶¶4-8). Additionally, the complaint (in its sole reference to Harrison) states that Harrison is a municipal subdivision of the State of New York. (Complaint at ¶4).

---

[1] As the instant motion is made pursuant to FRCP 12(c) all factual statements are derived wholly from the complaint, which must be presumed by the Court to be true at this juncture. A copy of the complaint is appended to this submission as Exhibit "A". The defendants do not admit the truth of these statements and only make reference to them for the purposes of this motion.

2

The complaint alleges that on May 17, 2007, Porto's son, who resided with him at Porto's residence, was arrested and charged with possession and sale of marijuana. (Complaint at ¶9). Thereafter at or about 7:30 PM on the same day, Cuzzapoli stopped Porto while he was driving his car and arrested and searched Porto. (Complaint at ¶10). Subsequently, a John Doe officer purportedly entered the car and order Porto to drive to his residence. (Complaint at ¶11). Once he arrived at his residence, he was directed to enter the home and forced to remain there for three and half hours while the home was allegedly searched by Marraccini, Light, Cuzzapoli, ten John Doe officers and Lucas. (Complaint at ¶12). Following the search, "the Defendants" purportedly stole: (1) a gold watch; (2) an inoperable .22 caliber pistol that belonged to Porto's father or uncle who had left the gun in Porto's basement without his knowledge and (3) a video camera containing home video of a minor engaged in sexual activity. (Complaint at ¶13).

The complaint contains four causes of action, all pleaded against "all defendants." The first cause of action (Complaint at ¶¶17-18) seeks redress for Porto's arrest/imprisonment in his home which purportedly violated his Fourth Amendment rights. The second cause of action (Complaint at ¶¶19-20) seeks redress for Porto's arrest/imprisonment in his vehicle and being forced to return to his home which purportedly violated his Fourth Amendment rights. The third cause of action (Complaint at ¶¶21-22) asserts that the purported theft of the watch

3

violated Porto's Fourth and Fourteenth Amendment rights. The fourth cause of action (Complaint at ¶¶21-22) asserts that the purported theft of the gun violated Porto's Fourth and Fourteenth Amendment rights. The complaint does not contain causes of action seeking recovery under a theory that the search of Porto's home was illegal. Similarly, the complaint does not contain state law causes of action.

The instant matter was commenced by filing of a summons and complaint on May 27, 2008. Thereafter, on June 19, 2008, the Defendants filed an answer to the complaint. The instant motion is being submitted pursuant to FRCP 12(c).

## POINT I

## THE LEGAL STANDARD FOR A MOTION TO DISMISS

As has been noted by the Second Circuit in *Cleveland v. Caplaw Enterprises*, 448 F.3d 518, 521 (2d Cir. 2006) "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." When considering a motion under FRCP 12(b)(6), the issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir.2004). Under the reformulated test set down by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955,1966, 167 L.Ed.2d 929

(2007), a pleading is required to contain enough facts to render the underlying legal theory plausible. *See generally Ruotolo v. City of New York*, 514 F.3d 484 (2d Cir. 2008) (affirming dismissal of complaint and denial of leave to replead where amended complaint failed to plead "enough facts to state a claim to relief that is plausible on its face" under *Twombly*). In applying *Twombly*, this Court has noted that a "Plaintiff must allege some facts that support the elements of the claim alleged, in order to defeat the motion to dismiss." *Davis v. Garcia*, 2008 WL 2229811 at * 4, (S.D.N.Y. May 27, 2008).

In the instant matter it is respectfully submitted that the Court should grant the Defendants' motion as the allegations in the complaint simply cannot sustain any cause of action against Harrison. Similarly, it is submitted that the Third and Fourth Causes of action must be dismissed as Porto has not properly alleged violations of his rights under the United States Constitution.

### POINT II

### THE PLAINTIFFS HAVE FAILED TO IDENTIFY AN OFFICIAL POLICY, PRACTICE OR PROCEDURE THAT ALLEGEDLY GAVE RISE TO THE CONSTITUTIONAL VIOLATION

It is well established that in order to impose § 1983 liability against a municipal defendant such as Harrison, "the plaintiff must demonstrate that the defendants' unconstitutional actions were taken pursuant to an official municipal policy, custom or practice." *Fanelli v. Town of Harrison*, 46 F.Supp.2d 254, 258

5

(S.D.N.Y. 1999) *citing*, *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In so doing, a Plaintiff must demonstrate "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

As noted by the Second Circuit in *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) "[t]he mere assertion ⋯ that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." Absent the demonstration of such a policy, practice or procedure, no suit can lie against a municipality since "under 42 U.S.C. §1983 a municipality cannot be held liable solely on a theory of respondeat superior." *See generally Lee v. McCue*, 410 F.Supp.2d 221, 227 (S.D.N.Y. 2006). *See also Jeffes v. Barnes,* 208 F.3d 49, 56 (2d Cir.2000) (same). Section 1983 claims are routinely dismissed when they fail to allege a municipal, policy, practice or procedure which allegedly deprived plaintiff of his civil rights." *See generally Qader v. New York*, 396 F.Supp.2d 466, 469 (S.D.N.Y. 2005)("Plaintiff has not alleged a municipal policy or a causal connection and, therefore, her claim against the City must be dismissed"). *See also Shmueli v. City of New York*, 2007 WL 1659210 at *8 (S.D.N.Y. June 7, 2007("[t]he Amended Complaint is completely devoid of any allegations concerning wrongful conduct pursuant to a "policy or

6

custom" of the City, and the claim must be dismissed") and *Claudio v. City of New York*, 423 F.Supp.2d 170,172 (S.D.N.Y. 2006)(dismissing complaint as "[n]o practices of the City of New York are even mentioned in the instant Complaint, and even conclusory allegations of official custom or practice will fail to survive a motion to dismiss").

In the case at bar, the complaint is silent as to the Town and its actions. The only reference to the Town is its mere existence as a municipal subdivision. (Complaint at ¶4). There is no explicit statement as to any municipal policy, custom, or practice or even any acts or omissions committed by the Town. Furthermore, the causes of action merely indicate that "all defendants" were responsible for purported violations of Porto's Fourth Amendment (all causes of action) and Fourteenth Amendment (third and fourth causes of action) rights.

Since the complaint does not explicitly indicate any municipal policy, custom or practice, or any acts of omission or commission committed by Harrison, it is respectfully submitted that the action must be dismissed as against the Town/Village of Harrison.

## POINT III

### THE PURPORTED THEFT OF PORTO'S WATCH AND THE GUN BELONGING TO HIS FATHER OR UNCLE DO NOT GIVE RISE TO CONSTITUTIONAL CLAIMS

The complaint's third and fourth causes of action, seek recovery under the Fourth and Fourteenth Amendments for the alleged theft by police of Porto's gold

7

watch and a gun that either belonged to Porto's father or uncle that was left without Porto's knowledge in his basement. Even assuming that these items were stolen, the theft does not create a cause of action under 42 U.S.C. §1983.

More than twenty years ago, Judge Haight in *Santos v. Raymond*, 1986 WL 4909 (S.D.N.Y. Apr. 24, 1986) dealt with the question of whether theft of money by police officers during a search constitutes a violation of a party's constitutional rights. In analyzing the claims, Judge Haight noted:

> Under controlling Supreme Court authority, the alleged theft of cash by the police does not state a cause of action under § 1983. In *Parratt v. Taylor,* 451 U.S. 527 (1981), the Court held that an action for negligent deprivation of property by those acting under color of state law does not lie under § 1983 where there exists an adequate remedy in state court law. In *Hudson v. Palmer,* 104 S.Ct. 3194 (1984), the Court extended *Parratt* to cover intentional as well as negligent deprivations of property. In the case at bar, there is no suggestion that adequate state tort law remedies do not exist in respect of the alleged theft of the case; or that this deprivation occurred as the result of some established state procedure; *cf. Logan v. Zimmerman Brush Co.,* 455 U.S. 422 (1982).

Id. at *2.

Following Judge Haight's ruling in *Santos*, the District Courts of the Eastern and Southern District have routinely refused to permit plaintiffs to pursue constitutional claims for the theft or loss of property in the absence of allegations that the deprivation occurred as a result of established state procedures. *See generally Belton v. City of New York*, 2005 WL 2133593 at *3 (E.D.N.Y. Sept. 1, 2005)("Plaintiff has not alleged that he was deprived of his property as the result of

8

an established procedure rather than a "random and unauthorized" act by the arresting officers. Because New York provides an adequate post-deprivation remedy in the form of state law causes of action for negligence, replevin, or conversion, plaintiff's federal claim for the loss of his property is dismissed"). *See also Gamble v. City of New York*, 2007 WL 2847221 at *4 (S.D.N.Y. Sept. 28, 2007)(recommending dismissal of §1983 claim for police department's unauthorized disposal of vehicle since plaintiff had adequate state law remedies and had not alleged that the deprivation of his property resulted from anything other than a random and unauthorized act"); *Nicoletti v. NYC Taxi & Limousine Commission*, 1999 WL 349949 at *3,4 (S.D.N.Y. May 28, 1999)("if some TLC official did steal plaintiff's possessions, such activity could only be described as random and unauthorized … New York recognizes an action in tort for conversion and an action in tort for trespass to chattels. New York City is subject to a civil suit in the courts of New York) and *Dove v. City of New York*, 2000 WL 342682 at *3 (S.D.N.Y. Mar. 20, 2000) (dismissing §1983 premised on alleged theft by city employee of rare stamp album as plaintiff had not alleged that it resulted from anything other than random or unauthorized act and New York provided for state law claim as a remedy).

  In the case at bar, Porto's claim that a gold watch was purportedly taken during the search of his premises is identical in nature to the multitude of cases in

9

which the District Courts have ruled that alleged theft by municipal employees does not rise to the level of a constitutional violations. Since the complaint does not allege that the purported theft resulted from anything other than a random and unauthorized act by "all defendants" it fails to state a cause of action under 42 U.S.C. §1983 and the third cause of action must be dismissed.

Porto's fourth cause of action, alleging a violation of his civil rights based on the theft of the gun is not only barred based on the case law cited above, but contains an additional defect which mandates dismissal of the claim. As alleged in the complaint, the gun that was allegedly stolen belonged to either Porto's father or uncle and was left in Porto's basement without his knowledge. It is axiomatic that Porto could not suffer an illegal seizure under the Fourth Amendment nor could he be deprived of his property without due process under the Fourteenth Amendment, because he had no property interest in the gun. As such, even assuming that the claim was not barred under the case law discussed above, the fourth cause of action could not survive as Porto had no property right that could be violated.

## CONCLUSION

In light of the foregoing, Harrison's motion to dismiss the complaint in its entirety pursuant to FRCP 12(c) and the remaining defendants' motion to dismiss the third and fourth defendants should be granted.

Dated: Purchase, New York
      July 11, 2008

                            Respectfully submitted,
                            FRIEDMAN, HARFENIST, LANGER & KRAUT
                            Attorneys for Defendants
                            2975 Westchester Avenue, Suite 415
                            Purchase, New York  10577
                            (914) 701-0800

                            By:_____S_____
                                Neil Torczyner
                                Steven J. Harfenist